Case No. 251668 Sheplers Inc v. City of Mackinac Island MI Argument not to exceed 15 minutes per side Mr. Joel Bryant, you may proceed for the appellant Good morning Good morning, Your Honor. May I reserve three minutes for rebuttal?  May it please the Court, my name is Joel Bryant and I represent the City of Mackinac Island I am also here today on behalf of the 500 or so permanent residents of the island, its businesses, and the approximately 1.5 million visitors that come to the island every summer I am here, Your Honor, to ask you to allow the City to exercise its regulatory authority and make sure those residents, businesses, and visitors pay reasonable price to travel to the island by ferry just as the Michigan Legislature intended The District Court prevented that by entering a preliminary injunction in favor of the ferry companies denying the City's request for a preliminary injunction That was wrong for two primary reasons First, there is no evidence in this record of irreparable harm to the ferries if the 2025 ordinance is allowed to be enforced Second, the ferry companies are unlikely to prevail on the merits. The City is likely to prevail Those two issues, I have two pages of notes on irreparable harm and eight pages on success on the merits So I'm going to start with the more simple issue because I think that's also the simplest way for the Court to resolve this appeal This Court has said in DT, cited in our briefs, that irreparable harm is an indispensable element of a preliminary injunction You can balance it against the other three elements to the extent of the harm, but there must be irreparable harm and the District Court must make specific findings What is the irreparable harm to the City itself? Not to all these other people that you claim to represent? To the City itself, the irreparable... The City is the party here, right? Yes, Your Honor What is the irreparable injury to the City if the ferry rates went up $2 one year and they're going to go up $1 this year? The irreparable harm is what the Supreme Court identified in Maryland v. King which is that when a state is denied the ability by a federal court to enforce its laws, that state suffers irreparable harm You have to show irreparable harm? I would say that either party to get a preliminary injunction granted Are you seeking an injunction? We are, Your Honor In what sense? We ask the District Court to enjoin the ferry companies from charging any fees or charges additional to or above the 2024... Why wouldn't Ordinance 629 handle that to the extent it's lawful? Like, why does the District Court need to enter an injunction? Because, Your Honor, the ferry company has asserted the unilateral ability and in fact informed the City that they were going to start charging additional rates, higher rates and fees for the 2025 season But I thought, what does Ordinance... tell me what Ordinance 629 does I thought that imposes like a freeze or whatever basically charges $150,000 and forbids them from charging parking fees Maybe I'm wrong, but... Oh, and I may have misheard you You're referring to the 2025 ordinance, the new Ordinance 629 Right, that if there's no injunction would go into effect And essentially what we have asked the District Court to do is to enjoin the ferry companies from increasing charges and rates unless they go through the process set forth in Ordinance 629 Is it possible to go through that process for the 26th season given the representations that the City made in requesting us to rule by September of last year? It absolutely is, Your Honor And the City is ready to move as expeditiously as possible It seems completely contrary to what you said in the briefing asking us to expedite this case I disagree, Your Honor We set forth a timetable in that briefing that we thought was the best balance of the burden of expediting on the Court versus the time needed to make a regulatory decision So you think you can get this done by April of 26? We can, and we... That's all I wanted to know I would also add... If we focus, because I don't want to lose our time here talking about irreparable injury not that it isn't important, but if we look at the merits here and it really comes down to what Section 9 of the Franchise Agreement means, right? That's a key part of it Do you contend that the question of who makes the decision of competition which is the focus of a lot of the briefs and the decision of what competition means or the meaning of the word competition Is that ambiguous or unambiguous in the franchise? The meaning of the word competition? Yes Well, we'll start with that I don't think that's ambiguous in the context of the Franchise Agreement So what does it mean? It means that there is actual competition in the sense of two or more ferry companies competing for the business of the customers We have two ferry companies We have them setting different rates, different services If you go on the website, if you're thinking about going to Macon Isles this summer If you go on the website today It tells you there are two ways to get to the island Arnold and Shepard And both of those companies, it's indisputed, are owned by Hoffman Right Does competition mean anti-trust? Are you incorporating anti-trust principles? Because I'm with Judge McKeague You say it's easy Now you're starting to incorporate anti-trust principles into competition Because if you look competition up in the dictionary Judge McKeague just gave you competition Only when you incorporate anti-trust principles does that change I don't think that's correct, Judge Thapar Because the Copperwell decision from the United States Supreme Court says when you have a parent entity and a wholly owned subsidiary they have a commonality of interest wholly common Here we have one parent and two subsidiaries If each of those subsidiaries has an entirely commonality of interest with their parent they must be serving the same interest And in the Copperwell case, the Supreme Court used an analogy that's very apt for a Mackinac Island case It said, parent and the subsidiaries are like the driver and the team of horses The horses are not competing with each other because they have unity of interest Now if you go to Mackinac Island you will see many horse-drawn vehicles with a driver giving them directions That's not the only lack of competition But do you define competition the same as monopoly then or do you say they're different? We don't have to get there Monopoly has I'm asking you a question Do you say that competition Is it the city's position that if there is a monopoly that there is no competition? That is a sufficient but not necessary condition Because the reason I ask is I'm looking in the record for any finding that there is no competition And what the record shows and what the city answered when Judge Unker asked the question is they referenced the one letter from the attorney for the city Now it actually says two letters but I can't even find the second letter in the record So the one letter addresses monopoly It doesn't even use the word competition and it doesn't reference Section 9 of the Franchise Agreement So I'm trying to figure out where has the city concluded that there is no competition and what definition did they use to find that So just tell me I don't mean to be arguing with you Just tell me where to go look to find where they said there was no competition What the resolution the City Council passed says is there is no competition because we're in a situation The word, I believe, competition doesn't appear in the resolution but I could be mistaken about that I don't dispute that What they found, the fact that they found is that we're in a situation that has never existed before where all of the ferry companies are owned by the same entity And I don't think, and my learned colleagues here want this court to focus on whether a specific word was not used in this document or this statement And there are no magic words The substance of the City Council's decision Can I ask you, who drafted the Franchise Agreement? The Franchise Agreement was put together back in 2012 And who prepared it? And the questions that I think you're getting at are subject of discovery because of course this case is ongoing You don't know who prepared it? It was, I know that it was prepared in consultation amongst a number of people at the time but the record is not developed on that Okay, and who is the, the first clause if the parties intend, in the event, whatever the first clause is To me, it doesn't describe who the actor is The district court found that the actor is not the city The city thinks the city's the actor How do we figure out who the actor is that determines there's no competition such that the second clause of Franchise of Section 9 kicks in? I think you start with who would have that authority in the absence of the Franchise Agreement And then does the Franchise Agreement in Section 9 put that authority somewhere else? But did the district court, I mean I'm just not sure, did the district court go through this? No, and that's the, one of the key areas where the district court was off base on this Judge Depart Because this is not simply a contract case The Michigan Legislature delegated to the City Council the authority to regulate ferries to and from the island in the public interest You're talking about the 1899 Charter? Yes Where does, can I ask you a follow up to that? Sorry to get off topic a little But where does that give you the authority to impose a $150,000 regulatory fee? In the very first case involving the ferries The Arnold Transit case The Michigan court held that that authority allowed the city to impose franchise fee for the purpose of raising revenue And so that's been a settled issue But I thought the $50,000 was the franchise fee Under the 2012 ordinance, that's correct So what is the $150,000? I thought it was called a regulatory fee The $150,000 would be the franchise fee under the new ordinance So you wouldn't charge the $50,000 anymore It would just be the $150,000? Subject to the finding the resolution also contains provisions related to additional costs related to regulation But the franchise fee goes to $150,000 From $50,000? Correct Alright, Mr. Bryant Can we go back to the city's resolution? I mean, the question was Section 9 states that in the event that no competition is found to exist You say that there is such a finding in the resolution although it doesn't use the word competition Can you tell me what the resolution does, in fact, say? I'll get the exact quote on rebuttal for you, Judge Griffin My best recollection is that it says because the city is finding itself in a unique situation or a situation that's never existed before So that's a reference to the lack of competition? Is that what you're saying? And because the city is exercising its authority under Section 9 of the franchise agreement Okay, so you're saying even though they don't say specifically that we hereby find no competition exists the resolution, in effect, says that without the word competition Because the only way that the city can exercise its jurisdiction under Section 9 is based on a finding of no competition Okay, but you say the resolution satisfies that So there has been a finding by the city of no competition Yes And what do we look to aside from the attorney letter? The resolution and the materials enacted by the city at that meeting And that's supported also by the subsequent resolutions that were passed after the ferry companies refused to cooperate Now, they could have, Judge McKee challenged that factual finding under the Michigan standard under the Moran v. Ledbetter case They didn't I know that I'm out of time Happy to answer any other questions or I'll wait for rebuttal Judge McKee, any further questions? No, I don't think so I mean, I'm looking at the resolution of December 11 That's the one you want us to look at, right? Yes, Your Honor And you agree it doesn't even include the word competition? I agree It just says there's a monopoly And they won't give us the information we want So we're not sure what we want to do So we're going to freeze rates Is that a fairly accurate paraphrase? I think that is accurate I also think that magic words are not necessary, Your Honor And I don't think the absence of the word competition changes the analysis here Okay All right, any further questions? Judge Lamar? All right, you'll have your three minutes rebuttal, Mr. Bryant Thank you Let's hear from the plaintiffs Plaintiffs Good morning, thank you, Your Honor Good morning May it please the Court, Mark Magyar I represent the Ferries and only the Ferries today We're asking that this Court affirm the District Court's preliminary injunction in joining the city's unconstitutional new ordinance as well as affirming the denial of the city's motion for preliminary injunction And I want to start right in on the issue of irreparable harm Why is the ordinance unconstitutional? I understand that you have I thought your claims were premised on the franchise agreement which either implements or restricts, however you want to look at it the powers that the city has under the Charter So you're saying, hey, we have a franchise agreement It lasts until 2027 Your new ordinance doesn't abide by the franchise agreement Is that basically it? Yes So where does unconstitutionality come into that? The District Court held that our contractual rights under the franchise agreement were substantially impaired in violation of the Contracts Clause So you're talking about the Contracts Clause I am talking about the Contracts Clause, yes And I want to start with irreparable harm I don't dispute at all that it's a necessary factor But the premise that the city argues that One, that the District Court only found that the only irreparable harm was that we might shut down and stop business and that there was no evidence of that is wrong on both accounts It's not a fair interpretation of the District Court's decision And I want to address both of those First, whether that was the only reason and also whether there was any evidence Before you get into that, just give me in a minute what is the irreparable harm here? The District Court found four ways I'm going to give you the first two If we have time, I'll get to the others The first one is that the case law of this court I'm sorry, the precedent of this court and I'll give you the cite in a minute but I want to answer your question first is that when you have a Contracts Clause violation an impairment of contract right you have implied and per se irreparable harm At that point, the likelihood of success and the irreparable harm meld into the same element because when you have a constitutional impairment you have irreparable harm as a matter of law And Chief Judge Sutton, on a case that you were on the panel Judge McKeague said that this is purely a question of law and when you get a Contracts Clause violation on a preliminary injunction you go no further done, injunction, entered and you have irreparable harm And this court's precedent in that regard I'll give you the cite in just a moment is consistent with at least the 7th Circuit the 2nd Circuit, the 7th, the 8th, the 9th What's the cite? Okay, it's Michigan State AFL-CIO v. Schutte Case 847F3-800 at pages 804-805 It's a 2017 case And that case was relying on the court's earlier decision a 1998 case called Toledo Area AFL-CIO Council v. Pizza 154-307 And the really interesting background of those cases is Chief Judge Sutton argued the Pizza case in 1998 as the state solicitor for Ohio and then 100% relied exclusively on that case for authoring the opinion that you sat on in the in the Schutte case And after finding that there was a Contracts Clause violation in that case Why aren't damages an adequate remedy in that situation? In our situation? Well, whatever I'm not familiar with the case you're talking about But it strikes me as like Why not? Why not a legal remedy of damages rather than the injunction? In our case I think and I do want to shift over into what the evidence is is the disruption of ferry service The court did not find in our case that it's just that we might shut down Which, by the way, the season before did happen The whole ferry service shut down for two months There was a major disruption Everybody had to shift over and use shiplers Kauffman came in and pumped in a bunch of But there was ferry service There was There was a major disruption You're talking about a one-line shutdown, you mean? One-line shutdown And yes, there was not a total lack of ability to get to and from the island Well, I mean, since they're all owned by the same company anyway I'm not sure what the difference is Well, I think the district court cited on the point of irreparable harm of even the rates cited a couple of Michigan's rate-making cases in the context of public utilities One was the Consumer Power case One was the Michigan Bell case And the Sixth Circuit in this court in the Michigan Bell case approved an injunction affirmed an injunction that allowed the telephone company's rates to go into effect while there was a dispute because the irreparable harm was if we then prevail and have to later raise rates to meet the level that we should have been able to then we not only suffer the possibility of losing customers but goodwill The loss of goodwill by later hiking to meet what we didn't get to do earlier was an irreparable harm that satisfied an injunction in favor of the public utility and allowing the rates to go into effect while the rate-making process was going on That was the Michigan Bell case that Judge Yonker cited in his opinion If we go back to the franchise agreement for a second here and we look at Section 9 of the franchise agreement do you contend that the question of what the word competition means and the ancillary question of who gets to decide do you contend that that's ambiguous or unambiguous? I think Your friend says that it's unambiguous and he wins Well in their brief they said that the court found an ambiguity to district court I don't actually think it's ambiguous I think I agree with the passive voice analysis that it unambiguously requires a third-party neutral How can that be? It's just It says if it could be anyone the way it reads If it required a third party why isn't that in there? Well I think like in any contract dispute we have a system where if you don't put in a forum selection clause if you don't say we're going to go to arbitration if you don't say We don't even know who drafted it at this point Well I do have an answer to that and Chris Schepler will tell you that Is it in the record what you're going to say or not? I'm not sure about that It's not in the record I'm not sure I agree and I don't think it's Yeah I agree I don't think it's this positive So you say it's unambiguous that it must be somebody other than the city but as you're discussing with Judge Thapar it doesn't say who that third party would be Right? Correct So it's still unambiguous in your opinion? Well unambiguous in that it didn't bestow upon either party the right to be the final arbiter Now certainly you hope that parties can Why not? Before there's litigation Why not? If Why couldn't it The fact that it says in the event that no competition is found to exist in ferry boat service the city has the right Right? Either party could say no competition exists the way I read this Well either either party could say it or they could have a dispute about it in which case I think if you if you go into the circumstance saying well I just get to say so and you don't that's not what the agreement says and I that's not the benefit of our bargain here But it doesn't I mean why again I come back to it strikes me as ambiguous I can't figure out who the relevant actor is from reading that Right and Judge Yonker also agreed that he couldn't figure it out and I think that supports maintaining the status quo if we're still trying to resolve in the case who that should be I'm not sure that that these exchanges have answered that question but if we put that aside for just a second you want to come back to it it's fine you get to the word once we figure out who gets to decide if we ever get to that then you look at what does the word competition mean it's not defined correct it's not defined the city seems to equate monopoly and competition as the same they do because I don't find of the city having made a finding that mentions competition at all correct so is that given that there's no definition of competition and the city hasn't hasn't used the word competition is that ambiguous or unambiguous I agree with the district court's finding that since it's not I don't think and the city doesn't argue that it has to be an antitrust definition by the way we're still briefing pleadings based on their antitrust claims they've been dismissed once by Judge Yonker and there's a motion to dismiss to answer your question the judge and I agree with him is treating the contract definition as being something different than solely an antitrust up until this point I agree the city has only given it is the word competition is the definition of the word competition ambiguous or unambiguous in section 9 I think considering that it doesn't have a definition it has to be ambiguous at this point or I would actually more say it's what a lot of the passive voice analysis we say that it's for a court to decide what competition and we believe it's having this consumer choice when a term is not defined it's not defined in the agreement when a term is not defined in a contract or a franchise agreement as was the case here is it appropriate to look to dictionary definitions for a definition of a term I think that's one source and here I've looked at the Meridian Webster dictionary as to competition relating to competition a contest between rivals or the effort of two or more parties acting independently to secure the business of a third party by offering the most favorable terms that's how the Meridian Webster dictionary defines competition do you disagree with that definition? I don't think it's the only definition I think it's probably the most prominent one you can get a bunch of dictionaries out I guess we'll compare them the Supreme Court does this all the time but under that definition we don't have competition here do we? there is competition and I think okay tell me why because you don't have rivals you don't have a contest between rivals you don't have an effort between two or more parties acting independently to secure business I mean under this definition there is no competition is there? there is competition is there any finding as to whether there is or isn't any competition? judge can you answer my question?  they do act independently Chris Schepler the Schepler companies act independently from Arnold even though they're owned by the same Hoffman family? they do Chris Schepler you've got to be kidding me I'm not kidding your honor there is plenty of examples who do they answer to? who does the president of Arnold Ferry answer to? who does the president of Schepler's Ferry answer to? I'm not disputing that they're under common ownership and supervision and control right? at the highest level at the parent level not within the structures of the okay they have subsidiaries that are owned by the same company say the subsidiaries are competing against each other I mean that's false competition if I've ever seen it are there any cases that say that a parent can't set up two subsidiaries to compete? ignoring whether that's actually happening here or not theoretically in your experience is that possible? it absolutely is possible yeah that you can compete under the same common ownership you have different brands just like the classic rate on Arnold's it offers a different service so has there been any finding here that that they're not actually competing that it's false competition?  no finding so that may be the ultimate case when a fact finder finally gets to that but we have two subsidiaries they have different rates and different levels of service that's correct they both have independent websites so if you're thinking about going to Macon Island it'll say they're two ferry companies and they offer different rates and services right? that's right now it does also say on the websites interestingly enough that they're commonly owned by Hoffman yes yes so we kind of have to get down to the question of does competition under section 9 of the franchise agreement mean that that if there is common ownership there is no competition that's I mean that's a fundamental question right? it is and Yonker just declined to reach that at this time yeah he said that's the merits issue that he'll get to so this case is still going it's dealing with the antitrust issues is it still ongoing too as to the meaning in the district court of section 9? that's the only thing discovery is allowed so the judge bifurcated the case he's doing the pleadings based motion on antitrust but nothing else no discovery and we are fully engaged in discovery and ultimately motion practice on only the contract issue section 9 so when judge Griffin asked which I thought was a good question about who drafted this and when was it drafted that's all being developed as we speak in the district court it is I see I have about a minute I've got another question yes I mean it my preliminary opinion is that the city has made a finding of no competition through the through the city resolution but in the event they have not is there anything to prevent our court today by looking at dictionary definitions of what competition means and making a finding today that there is no competition you know I think that would be certainly you're allowed to look at the entire record and you make clear factual questions I think you know that's not an argument that any party has made to the court I'm not sure is that our prerogative to do I don't believe so on this record your honor because I think I think that would be a finding essentially that the district court made an error because he did address those to me there's no really factual dispute and to me as a matter of a law there is no competition because you have two subsidiaries answering to the parent company that controls both subsidiaries and the competition here to me is totally false but you say that we should not make a finding by this court maybe because it hasn't been asked for that might be the best argument the party presentation rule but there wouldn't be anything improper for us to do it if it had been asked for I don't believe that there is a sufficient record I don't agree respectfully that dictionary definition is the only way that you get no competition I can read you a bunch of other  definitions can you answer why you don't agree that we can look at dictionaries to figure it out because it's the intent of the parties at the time so that both sides have a plausible argument and judge detailed in the opinion what both sides are and when you have that kind of genuinely disputed issue of fact then it remains a question of fact that even he said he's not ready to get to but how does he find success on the merits in that yeah in a couple ways first that because this is a disputed issue for the court to decide through the case then the status quo would be to keep operating under the franchise agreement any time courts intervene we upset the status quo I get that the purpose was to maintain what the district court thought was the status quo before 629 yes and I know I'm out of time but you're out of time I do have a question about parking yes and judge Yonker the parking here is at the city of Mackinac City or the city of St. Ignace and judge Yonker   settlers can regulate the parking in the city of St. Mackinac City and St. Ignace what does that authority come from I'll try to be very simple this is important to the question if there is a finding of competition right now he says you have authority to regulate parking no authority to regulate parking no authority the city has no authority that's correct and that's from the language of the charter that says you get to regulate to the shore on page 30 of the brief the city changes that language to I guess my parting comment since I'm out of time to go back to your question these are questions that should go to the other side go ahead the parting comment was just going to be that we disagree that we can find that there is no competition but even if that were the  hypothetically coming out of here then the rest of that provision is that then you exercise jurisdiction over schedules and fares not parking under present law 2012 ordinance so you still even if they find competition they have to be within their jurisdiction of the  this 629 ordinance on its face goes well beyond any legal authority and they are trying to enact a new law to give them more authority to look more like the North Carolina statute all right three minutes thank you can you address parking I was asking the   city has any authority to regulate parking in the city of St. Ignace yes or or the city of back in our city I will address parking I also want to address some of those questions about section 9 and competition but as to  your honors the Michigan courts have  that a ferry is a franchise it's not just the boats and the scope of that franchise is what you need to have a continuation of the highway from one point to another there is unrebutted evidence in the record that the only way to get from St. Ignace or Mackinac City to Mackinac Island is not just to take the boat but to drive your private vehicle there to the ferry terminal parking one of their lots you don't you can go to a hotel in Mackinac City          then I would agree with you but in fact the district court has allowed the ferries to take unilateral action so not the status quo you didn't regulate parking before you're  parking now that they're charging for it but you never had the it seems like you needed 304 to do that we didn't the fact that the state legislature in 1889 didn't specify parking didn't use the  services language the way the North Carolina court did is not dispositive here if I may ask the court's  to respond to the section 9 points and the questions judge Griffin you made the point and you asked the question can this court make a finding and I would frame it this way this court because we're here in a preliminary injunction is not in position to make a dispositive finding on the merits but what this court can and should do is make a finding that the city is likely to succeed on the ultimate merits question that there is  preliminary injunction as requested by the city. I'd be happy to answer any other questions. Thank you very much counsel. We will also try to expedite our decision on this case as quickly as we can in view of the upcoming very schedule and anyway the case will be submitted.